**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re RIVERSTONE NETWORKS, INC., SECURITIES LITIGATION | No. C 02-3581 PJH |
| THIS ORDER RELATES TO: ALL ACTIONS | **ORDER AWARDING ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES** |

On April 27, 2005, the court heard argument in lead plaintiffs' motion for approval of the class action settlement, and the motion of lead plaintiffs' counsel for approval of attorneys' fees and reimbursement of expenses. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and having considered the objections of class members New York State Teachers Retirement System, Sheldon Chandler, and Charles Grimes, as well as the statements of class members who opted out of the settlement, the court hereby finds as follows.

The parties have agreed to settle this dispute, and the settlement has created a fund of $18.5 million in cash that is presently on deposit, plus interest thereon. Notice of the pendency of this action as a class action and of the proposed settlement and the April 27, 2005, hearing on the motion for approval of the settlement ("Notice") was provided to all class members that could be identified with reasonable effort. More than 82,598 copies of the Notice were disseminated to putative class members. The form and method of notifying the class of the pendency of the class action and the terms and conditions of the proposed settlement met the requirements of Federal Rule of Civil Procedure 23, and constituted the best notice practicable under the circumstances and due and sufficient notice to all persons

and entities entitled to such notice.

The Notice indicated that plaintiffs' lead counsel were seeking attorneys' fees in an amount of 25% of the gross settlement fund, and for reimbursement of expenses in an amount of approximately $151,302.78.  The court received four objections, three of which were directed at the 25% fee request.  One of those three, the New York Teachers' Retirement System, later withdrew its objection after lead counsel stated that they would reduce their fee request to 19% of the gross settlement fund.  Two of the five individuals who requested to be excluded from the class indicated that their wish to be excluded from the class was connected to their objections to the amount of the fees sought by class counsel.

The court finds that lead plaintiffs' counsel have conducted the litigation and achieved the settlement with skill, perseverance, and diligent advocacy.  Plaintiffs prosecuted this action for approximately two years.  In the absence of a settlement, the action would have involved further lengthy proceedings with uncertain resolution of the factual and legal issues.  If lead counsel had not obtained the settlement, lead plaintiffs and the class might have recovered less than the settlement amount from defendants.

In their motion for final approval of the settlement, class counsel seek 19% of the gross settlement amount in attorneys' fees – or $3.515 million – as well as reimbursement of costs and expenses in the amount of $145,515.78.  A class settlement must be fundamentally fair, adequate, and reasonable.  In re Mego Fin. Corp. Sec. Litig., 213 F.3d 454, 458 (9th Cir. 2000).  When assessing a proposed settlement, the district court must comprehensively balance and explore several factors, including 1) the risk, complexity, expense, and likely duration of further litigation; 2) the risk of maintaining class action status throughout the trial; 3) the amount offered in settlement; 4) the extent of discovery completed and the stage of the proceedings; 5) the experience and views of counsel; and 6) the reaction of class members to the proposed settlement.  Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998).  The court finds, for the reasons stated at the hearing, that the proposed settlement is fair and reasonable.

Class counsel seek an award of fees in an amount of 19% of the settlement fund, plus

reimbursement of costs and expenses. The amount requested in fees represents approximately a 2.93 multiplier of the amount of the claimed lodestar. When calculating fee awards in common fund cases, the court has discretion to choose the percentage-of-the-fund method or the lodestar-multiplier method. Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1047 (9th Cir. 2002). The choice between the two depends on the circumstances of the case. Six Mexican Workers v. Ariz. Citrus Growers, 904 F.2d 1301, 1311 (9th Cir. 1990).

"Reasonableness" is the goal, and the mechanical application of either method can be abuse of discretion. In re Coordinated Pretrial Proceedings, 109 F.3d 602, 607 (9th Cir. 1997). The district court may, but is not required to, compare the two methods for calculating reasonable fees. Fischel v. Equitable Life Assurance Soc., 307 F.3d 997, 1007 (9th Cir. 2002). Whichever method is employed, however, the court must ensure the reasonableness of the fee award and must "assume the role of fiduciary for the class of plaintiffs, since "the relationship between plaintiffs and their attorneys turns adversarial at the fee-setting stage." In re Washington Public Power Supply Sys. Litig., 19 F.3d 1291, 1302 (9th Cir. 1994) ("WPPSS").

The lodestar method requires the court to multiply the number of hours reasonably expended by a reasonable hourly rate. Hanlon, 150 F.3d at 1029. The resulting figure – the "lodestar" – may then be adjusted upward or downward to account for factors such as the quality of representation, the benefit obtained for the class, the complexity and novelty of issues presented, and the risk of nonpayment. Id.

The percentage-of-the-fund method requires the court to award the attorneys a reasonable percentage of the settlement amount. The Ninth Circuit has established twenty-five percent as a benchmark in percentage-of-the-fund cases, an amount that can be adjusted upward or downward to account for any unusual circumstances presented by a particular case. Id.; see also In re Pac. Enters. Sec. Litig., 47 F.3d 373, 379 (9th Cir. 1995). The court's selection of the benchmark or any other rate must be supported by findings that take into account all of the circumstances of the case. Vizcaino v. Microsoft Corp., 290 F.3d 1043, 1048 (9th Cir. 2002); see also WPPSS, 19 F.3d at 1298 (courts cannot rationally apply any

particular percentage in the abstract, without reference to all the circumstances of the case).

Here, as the court discussed at the hearing, the claimed lodestar is useless as a comparison or check because the calculation lacks explanatory detail and the amount is unsubstantiated. Lead plaintiffs' counsel have provided only a list of attorneys, an hourly billing rate for each, and a number of hours worked, with no explanation of the tasks performed.[1] Similarly, the declarations provided by non-lead plaintiffs' counsel – for the most part – provide no information other than the number of hours and billing rates. The court is unable to determine from the information provided whether the claimed lodestar is reasonable or whether it is inflated. Nevertheless, regardless of whether the lodestar is reasonable or not, the court finds that lead plaintiffs' counsel have not justified the application of a 2.93 multiplier.

With regard to the request for an attorneys' fee award of 19% of the settlement proceeds, the court finds that the percentage requested is not reasonable under the circumstances. In particular, the result obtained in this run-of-the-mill securities fraud action – a recovery for the class of less than $.10 per share after payment of expenses – and the relatively low degree of risk of completed nonrecovery – reflected in part by the number of separate complaints filed and the number of applications for appointment as lead plaintiffs' counsel – do not justify an award that is almost three times the value of the services allegedly performed.[2] The court finds that an award of 15% of the amount of the settlement is appropriate. The court has considered the risk involved, the facts of the case, and comparable recoveries in other cases, and finds that an award of 15% will adequately compensate counsel for work performed.

With regard to the payment of expenses, the court approves the request, with the

---

[1] The Schiffrin & Barroway attorneys have also divided the total hours worked into 11 categories – prefiling investigation, lead plaintiff motion practice, amended complaint research, continuing investigation subsequent to filing of amended complaint, mediation and settlement negotiations, briefing on motions to dismiss, discovery, settlement paper preparation, client communication and correspondence, case strategy and meetings, and settlement approval.

[2] The work actually performed was limited, and consisted principally of conducting the pre-filing investigation; drafting two complaints and an opposition to a motion to dismiss that was never heard by the court; preparing for and participating in the mediation; and preparing the settlement documents.

1  exception of the request for travel expenses, which was inadequately documented.  In
2  particular, plaintiffs' counsel were unable to explain why it was necessary to spend a total of
3  $8070 for three round-trip airline tickets between Philadelphia and San Francisco, while they
4  were also able to purchase one ticket for $512.  Accordingly, the court will subtract $3,500
5  from the amount claimed for reimbursement of expenses.

6  Plaintiffs' counsel are hereby awarded 15% of the gross settlement fund in fees, and
7  $140,015.78 in expenses, which amounts shall be paid to lead counsel from the settlement
8  fund with interest from the date the settlement fund was funded to the date of payment at the
9  same rate of interest earned by the settlement fund.  The award of attorneys' fees shall be
10  allocated among plaintiffs' counsel in a fashion which, in the opinion of lead plaintiffs' counsel,
11  fairly compensates plaintiffs' counsel for their respective contributions in the prosecution of
12  this action.

13  The court approves the parties' stipulation of settlement and the plan of allocation, as
14  revised.  The court orders that lead plaintiffs' counsel be awarded $2,775,000 in attorneys'
15  fees and $140,015.78 in costs and expenses, each to be paid from the settlement fund.

**IT IS SO ORDERED.**

Dated: May 17, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge

5