**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

In re RIVERSTONE NETWORKS, INC.,
SECURITIES LITIGATION

No. C-02-3581 PJH

THIS DOCUMENT RELATES TO:
ALL ACTIONS

**ORDER RE MOTION FOR ATTORNEYS' FEES**

    Before the court are motions by two objectors, seeking attorneys' fees in connection with their participation in the litigation of the settlement of the above-entitled class action alleging violations of the federal securities laws.

    The proposed settlement agreement provided for payment to class counsel of 25% of the $18.5 million settlement common, or $4,625,000, plus reasonable expenses. The court preliminarily approved the proposed settlement on January 21, 2005, but also indicated at the hearing that the amount of the fee award would depend upon the reaction of the class and the court's further consideration of the issue.

    On February 14, 2005, settlement class member the New York State Teachers' Retirement System ("NYSTRS") filed an objection to the 25% proposed attorneys' fee, and negotiated the objection with class counsel. Class counsel eventually reduced the fee request to 19% of the common fund, or $3,515,000. On February 28, 2005, NYSTRS requested leave

to withdraw its objection.

On March 30, 2005, settlement class member Sheldon Chandler, unaware that class counsel had reduced the fee request in response to NYSTRS' objection, filed an objection to the 25% proposed attorneys' fee, suggesting that an appropriate fee would be in the range of 13.4% to 18% of the settlement fund.

On April 1, 2005, settlement class member Charles L. Grimes filed an objection to the Plan of Allocation proposed in the settlement, and to the application of class counsel for attorneys' fees in the amount of 19% of the settlement fund. After Mr. Grimes filed the objection, his counsel met with class counsel to discuss the objection to the Plan of Allocation, and class counsel agreed to modify one aspect of the Plan of Allocation and to clarify another aspect.

On April 6, 2005, Mr. Chandler requested leave to file a supplemental objection to the terms of the settlement and to the amount of attorneys' fees requested by class counsel. On the same date, he filed a supplemental objection, claiming that the settlement notice that was sent to the members of the class was deficient because it did not state the percentage of actual damages represented by the settlement amount and because it did not include a copy of the actual settlement agreement. He also asserted that the fee application was inadequate because it did not include lodestar cross-check documentation.     On April 27, 2005, the court heard argument in lead plaintiffs' motion for final approval of the settlement, including argument by counsel for Mr. Chandler and Mr. Grimes.[1]

On May 17, 2005, the court approved the settlement and revised Plan of Allocation, and awarded class counsel 15% of the settlement fund, or $2,775,000, in attorneys' fees, plus $140,015.78 in expenses.

Counsel for Mr. Chandler now seeks a "reasonable" fee, "based on any proper and available method for setting such a fee." His claimed lodestar is $40,614.50, but he suggests

---

[1] Prior to the hearing, the court received a brief submission from a fourth objector (who did not appear at the hearing), as well as requests from five individuals seeking to be excluded from the class, two of whom also objected to the amount of the fees requested by class counsel (but did not appear at the hearing).

2

that as the fee awarded to class counsel represents approximately 2.3 times class counsel's lodestar, he should receive the same "multiplier" as class counsel, or a fee of $93,413.35. He also seeks reimbursement of expenses in the amount of $1,558.20, and requests $1,000 for Mr. Chandler as an "incentive award."

Counsel for Mr. Grimes seeks $36,607.96 in fees, representing his lodestar, plus $3,839.88 in expenses. He argues that payment of this fee is warranted because Mr. Grimes provided a benefit to the class by encouraging lead class counsel to change the Plan of Allocation, and also contributed to the court's decision to award 15% of the common fund as attorneys' fees rather than the 19% requested by lead counsel. Mr. Grimes' requested fees also include compensation for services performed by California attorney Michael Mee, who appeared as local counsel on papers filed by Mr. Grimes' Delaware attorneys.

Class counsel do not object to the awarding of fees and expenses to counsel for Mr. Grimes in connection with the changes made to the Plan of Allocation, but argue that no fees should be awarded based on the court's decision to award class counsel 15% of the settlement fund as attorneys' fees, on the basis that the court had previously expressed misgivings with regard to the amount of the fee requested by class counsel, and the Grimes objections provided no benefit to the class. Similarly, class counsel contend that the Chandler objections provided no benefit to the class, noting that the court had already expressed reservations with regard to the amount requested, and that Mr. Chandler's counsel simply repeated many of the arguments made by counsel for NYSTRS. Class counsel also object to the suggestion that any attorneys' fees awarded to counsel for the objectors be deducted from the fees awarded to class counsel.

Objectors can play a useful role in the court's evaluation of the terms proposed for settlement of a class action. "Objectors can provide important information regarding the fairness, adequacy, and reasonableness of settlements. Objectors can also play a beneficial role in opening a proposed settlement to scrutiny and identifying areas that need improvement." Manual for Complex Litigation (Fourth) § 21.643 (2004). "The equitable common fund/common benefit doctrine authorizes attorney fees only when the litigants

3

preserve or create a common fund for the benefit of others as well as themselves." <u>Vizcaino v. Microsoft Corp.</u>, 290 F.3d 1043, 1051-52 (9th Cir. 2002) (citation and quotation omitted). An award of attorneys' fees depends on whether the services provided by the attorneys benefitted the fund – "whether they tended to create, increase, protect, or preserve the fund." <u>Class Plaintiffs v. Jaffe & Schlesinger, P.A.</u>, 19 F.3d 1306, 1308 (9th Cir. 1994) (citation and quotation omitted).

Here, the court finds that the objectors provided some – though not a major or extensive – benefit to the common fund. It is true, as class counsel point out, that the court expressed concern at the hearing on the motion for preliminary approval of the settlement with regard to the amount of the fee request (25% of the gross settlement proceeds); that shortly after that hearing, NYSTRS wrote a letter to the court expressing strong objection to the amount of the fee request; and that only later did Mr. Chandler and Mr. Grimes file their objections. Nevertheless, the fact that two objectors other than NYSTRS retained counsel to submit objections made it easier for the court to justify reducing the amount of the fees even below the 19% proposed by class counsel. In addition, Mr. Grimes' objection to certain provisions in the Plan of Allocation created, to some extent, a benefit for the class.

The court finds, however, that the amounts requested are excessive in comparison with the benefit conferred. Counsel for NYSTRS managed to communicate NYSTRS' objection to the amount of the fees in a three-page letter to the court. Yet counsel for both Mr. Chandler and Mr. Grimes required more than 100 hours to accomplish essentially the same thing. In view of the objectors' respective contributions to the settlement, the court finds that a reasonable award of attorneys' fees in this case would be $5,000 to counsel for Mr. Chandler and $10,000 to counsel for Mr. Grimes, plus $1,500 to each for travel to and attendance at the hearing. The court is unaware of any authority to support Mr. Chandler's request for a $1,000 "incentive" fee.

In the absence of any authority for requiring class counsel to pay the award from their own attorneys' fees award, the court finds that the only possible source for payment of the award is the settlement fund, to the extent that any money remains in the fund. The court

1  recognizes that the fact that this matter has been pending before the court for some time may
2  in practical terms mean that there are no funds available to satisfy these awards.  However, it
3  simply did not occur to the court to consider the source of the funds prior to the time it was
4  able to turn to a review of the papers filed in connection with the present motions.

6  **IT IS SO ORDERED.**
7  Dated: October 19, 2005

_____
PHYLLIS J. HAMILTON
United States District Judge